LEMMON, Judge.
Plaintiff has appealed from the dismissal of his suit for damages incurred in an inter-sectional collision. On appeal plaintiff does not dispute the trial court’s factual finding, based on resolution of conflicting testimony, that he entered the intersection on a red light. He contends, however, that, since he *337 was driving an emergency vehicle with siren sounding and light flashing, he properly proceeded into the intersection after ascertaining it was safe to do so.
The collision occurred at the intersection of DeGaulle and Holiday Drives, both of which are divided thoroughfares. Plaintiff was traveling south on Holiday in the left of two southbound lanes, while defendant was traveling west on DeGaulle in the left of two westbound lanes.
Plaintiff testified that he approached the intersection at about 55 miles per hour and, after slowing and ascertaining by looking to his left that westbound traffic in the right lane of DeGaulle was stopped, proceeded into the intersection and was struck from the left by defendant’s skidding vehicle.
Defendant testified that as he approached the intersection on DeGaulle at 35 to 40 miles per hour (the limit being 45), the light turned green, and he moved into the clear left lane because three cars were stopped in the right lane. He was about even with the first car in line when he heard the siren, and he immediately applied his brakes, but skidded across the two northbound lanes of Holiday and the width of the 10 to 12-foot neutral ground before striking plaintiff’s car in the left front fender.
New Orleans City Code, 1956, § 38-21(b)(2), authorizes an emergency vehicle on an emergency call to “(p)roceed past a red or stop signal or stop sign, but only after slowing down or stopping as may be necessary for safe operation”. § 38-21(d) further provides:
“The foregoing provision shall not relieve the driver of an authorized vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provision protect the driver from the consequences of his reckless disregard for the safety of others.”
While penal statutes are not in and of themselves definitive of civil liability, such statutes may be used as guidelines in fixing civil liability. Laird v. Travelers Ins. Co., 263 La. 199, 267 So.2d 714 (1972). The determination of a motorist’s negligence, however, is ultimately based on reasonableness.
In this case the driver of the emergency vehicle ascertained only that one of the two lanes of westbound traffic was yielding the right of way to him. This conduct did not meet the standard of reasonable behavior under the circumstances. Even if the evidence showed that defendant should have heard the siren or seen the flashing lights, that fact would not absolve plaintiff from the duty of ascertaining before entering the intersection that all traffic favored with' a green light was yielding to his emergency vehicle, and his failure to do so constitutes negligence which bars his recovery.
The judgment is affirmed.

AFFIRMED.